## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHANE LUNCEFORD, | Case No. 3:22-cv-1387-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| JEFFREY R. CARSON, CHRISTEN CARSON, and CARSON KUSTOMS, LLC, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Shane Lunceford sued Jeffrey R. Carson (Mr. Carson), Christen Carson (Ms. Carson), and Carson Kustoms, LLC (Carson Kustoms) (collectively, Defendants), alleging that Plaintiff paid Defendants to restore a 1966 Ford Mustang, but Defendants failed to do so, lied about the status of the restoration, and returned the vehicle needing significant repairs. Defendants did not appear, and the Court entered an order of default on December 14, 2022. ECF 11. Plaintiff then moved for a default judgment, which the Court granted in part and denied in part on June 28, 2023.[1] ECF 16. The Court allowed Plaintiff to submit supplemental

---

[1] Although the Court entered an order of default against Ms. Carson, the Court did not grant Plaintiff's motion for entry of default judgment against Ms. Carson. In the Court's Order date June 28, 2023, the Court found that Plaintiff had failed to allege facts that Christen Carson

information supporting his motion for default judgment. Plaintiff did so. ECF 17-19. On July 28,

2023, the Court revised its Order to enter default judgment on Plaintiff's asserted RICO claims

against Mr. Carson and Carson Kustoms and for Plaintiff's asserted loss of use damages.

ECF 20. The Court entered Judgment in this matter on August 15, 2023. ECF 22.

The Court's Judgment awarded to Plaintiff attorney's fees and costs against Mr. Carson

and Carson Kustoms. Now before the Court is Plaintiff's Motion for Attorneys Fees and Costs

(Fee Petition). ECF 23. Plaintiff requests attorney's fees and costs totaling $23,288.[2] For the

following reasons, the Court grants in part and denies in part Plaintiff's Fee Petition.

## A.  Applicable Law

Plaintiff moves for attorney's fees and costs on the claims brought pursuant to Oregon's

Unlawful Trade Practices Act (UTPA) and the federal RICO statute. For claims brought under

the Oregon UTPA, Oregon Revised Statutes (ORS) § 646.638(3) provides in relevant part: "[t]he

court may award reasonable attorney fees and costs at trial and on appeal to a prevailing plaintiff

in an action under this section." For civil claims brought under the federal RICO statute, 18

U.S.C. § 1964(c) provides in relevant part: "[a]ny person injured in his business or property by

reason of a violation of section 1962 of this chapter . . . shall recover . . . the cost of the suit,

including a reasonable attorney's fee."

---

was involved in this matter in her individual capacity, and the Court declined to enter judgment
against her on that ground.

[2] Plaintiff's requested amount of attorney's fees and costs varies throughout the Fee
Petition. *Compare* ECF 23 at 1 (requesting an award of attorney's fees and costs in the total
amount of $23,288) *with* ECF 23 at 16 (requesting an award of $518 in costs and $23,895 in
attorney's fees). Because the Court independently calculates a reasonable award in this case, this
discrepancy does not materially affect the Court's findings in this Opinion and Order.

"In an action where a federal district court exercises subject matter jurisdiction over a state law claim, so long as state law does not contradict a valid federal statute, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Avery v. First Resol. Mgmt. Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009) (quotation marks omitted). After concluding that a prevailing party shall recover reasonable attorney's fees, a court applying Oregon law must consider the specific factors set forth in ORS § 20.075 to determine the amount of attorney's fees to be awarded. The specific factors set forth in ORS § 20.075(1) are:

> (a)    The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

> (b)    The objective reasonableness of the claims and defenses asserted by the parties.

> (c)    The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

> (d)    The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

> (e)    The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

> (f)    The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

> (g)    The amount that the court has awarded as a prevailing party fee under ORS 20.190.

> (h)    Such other factors as the court may consider appropriate under the circumstances of the case.

ORS § 20.075(1).[3] After considering these eight factors, ORS § 20.075(2) then directs the court to consider the following additional eight factors:

> (a)     The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
>
> (b)     The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
>
> (c)     The fee customarily charged in the locality for similar legal services.
>
> (d)     The amount involved in the controversy and the results obtained.
>
> (e)     The time limitations imposed by the client or the circumstances of the case.
>
> (f)     The nature and length of the attorney's professional relationship with the client.
>
> (g)     The experience, reputation and ability of the attorney performing the services.
>
> (h)     Whether the fee of the attorney is fixed or contingent.

ORS § 20.075(2). Oregon law further directs that when analyzing these factors, a court should "includ[e] in its order a brief description or citation to the factor or factors on which it relies." *McCarthy v. Or. Freeze Dry, Inc.*, 327 Or. 185, 190-91 (1998). The court, however, "ordinarily has no obligation to make findings on statutory criteria that play no role in the court's decision." *Frakes v. Nay*, 254 Or. App. 236, 255 (2012).

---

[3] Under subsection (1), these factors are to be first considered in determining whether to award fees "in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees." In addition, in any case in which an award of fees is authorized or required, the court shall consider the factors specified in subsection (1) as well as the factors specified in subsection (2) "in determining the amount of an award of attorney fees in those cases." ORS § 20.075(2).

PAGE 4 – OPINION AND ORDER

Under ORS § 20.075(2), factor (a) generally relates to the reasonableness of the number of hours expended by counsel for the prevailing party, factors (c) and (g) generally relate to the reasonableness of the hourly rates charged, and factor (d) generally informs whether an upward or downward adjustment might be appropriate. Taken together, these factors are comparable to what is often referred to as the "lodestar" method for calculating a reasonable attorney's fee. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (holding that the lodestar method yields a presumptively reasonable fee, subject to either upward or downward adjustment as appropriate); *see also Strawn v. Farmers Ins. of Or.*, 353 Or. 210, 221 (2013) ("The lodestar approach that the parties have used is at least a permissible one under the statutes involved," including ORS § 20.075); *ZRZ Realty Co. v. Beneficial Fire & Cas. Ins.*, 255 Or. App. 525, 554 (2013) ("The lodestar method that the trial court used is a commonly applied and permissible approach for determining the reasonableness of a fee award . . . ."). Thus, both Oregon law and federal law recognize the lodestar method as an acceptable method for determining a reasonable award of attorney's fees.

The lodestar amount is the product of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).[4] In making this calculation, the district court should take into consideration various factors of reasonableness, including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *See Perdue*, 559 U.S. at 553-54; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013).

---

[4] It is "well established that time spent in preparing fee applications" also is compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Dir., OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996)).

In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez*, 729 F.3d at 1202.

The district court may determine, in one of two ways, whether hours are excessive, redundant, or otherwise unnecessary, and thus excludable. The court may conduct an hour-by-hour analysis of the fee request. *Id*. at 1203. Alternatively, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id*. (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)). "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.'" *Id*. (quoting *Gates*, 987 F.2d at 1400). The Ninth Circuit recognizes one exception to this rule: "[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'— based on its exercise of discretion and without a more specific explanation." *Id*. (alteration in original) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

In addition, other courts, including the District of Oregon, specifically caution against both block-billing and providing vague or otherwise inadequate descriptions of tasks because these practices hinder a court's ability to assess the reasonableness of the time expended. *See, e.g.*, U.S. District Court, District of Oregon, Message from the Court Regarding Attorney Fee Petitions, https://ord.uscourts.gov/index.php/rules-orders-and-notices/notices/fee-petitions (last updated Mar. 2, 2017). This Court has applied this cautionary statement, noting that "the court

may excuse this method when the billing period is no more than three hours." *Updike v. Multnomah County*, 2020 WL 4736461, at *2 (D. Or. Aug. 14, 2020) (quoting *Noel v. Hall*, 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013)); *cf. Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011). For block-billing periods in excess of three hours, however, the Court has reduced each applicable entry by fifty percent. *See, e.g.*, *Fathers & Daughters Nev., LLC v. Lingfu Zhang*, 2018 WL 3023089, at *5 (D. Or. June 18, 2018).

After determining the number of hours reasonably spent, the district court then calculates the reasonable hourly rates for the attorneys and paralegals whose work comprise the reasonable number of hours. There is a strong presumption that the fee arrived at through the lodestar calculation is a reasonable fee. *Perdue*, 559 U.S. at 552. A district court may, however, adjust the lodestar amount in "rare" and "exceptional" cases, such as when a particular factor bearing on the reasonableness of the attorney's fee is not adequately accounted for in the lodestar calculation. *See Perdue*, 559 U.S. at 552-54 (finding that, in certain circumstances, the superior performance of counsel may not be adequately accounted for in the lodestar calculation); *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (finding that although in ordinary cases the "results obtained" factor is deemed adequately accounted for in the lodestar calculation, it may serve as a basis to adjust the lodestar when "an attorney's *reasonable* expenditure of time on a case [is not] commensurate with the fees to which he [or she] is entitled").

## B. Discussion

### 1. Entitlement to Attorney's Fees

Plaintiff prevailed in obtaining a default judgment against Mr. Carson and Carson Kustoms on both the UTPA claim and the RICO claim. As for Plaintiff's entitlement to attorney's fees under the UTPA, the Oregon Supreme Court has held that, even when the

PAGE 7 – OPINION AND ORDER

authorizing statute contains a permissive entitlement to attorney's fees, "normally a 'prevailing party' would be entitled to recover attorney fees, barring unusual circumstances which might arise in any particular case." *Exec. Mgmt. Corp. v. Juckett*, 274 Or. 515, 519 (1976). As for Plaintiff's entitlement to attorney's fees for the RICO claim, attorney's fees generally "are mandatory when a violation of RICO is established." *Valadez v. Aguallo*, 433 F. App'x 536, 537 (9th Cir. 2011); *see also Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 2019 WL 3110021, at *8 (C.D. Cal. Mar. 19, 2019) ("The civil RICO statute also provides for the mandatory recovery of attorneys fees and costs."); *but see Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1358 (9th Cir. 1998) ("The mere fact that the plaintiff is entitled to receive the attorneys' fees [under a mandatory fee-shifting statute] does not prevent the court from deviating from the general rule where exceptional circumstances exist.").

The Court finds no reason to depart from the general presumptions in favor of awarding attorney's fees under the relevant statutes. In addition, the relevant ORS § 20.75(1) and (2) factors weigh in favor of an award of attorney's fees on those claims.[5] Plaintiff is entitled to collect the reasonable attorney's fees incurred litigating his UTPA and RICO claims.

## 2.  Apportionment of Hours Billed

Plaintiff prevailed on four of the five claims asserted against Mr. Carson and Carson Kustoms, only two of which confer an entitlement to attorney's fees. Under Oregon law, "[w]hen a party prevails on an action that encompasses both a claim for which attorney fees are authorized and a claim for which they are not, the trial court must apportion the fees incurred for

---

[5] The ORS § 20.075(1) and (2) factors that the Court considers to be relevant to its determination are: the objective reasonableness of the claims asserted by Plaintiff; the objective reasonableness and diligence of Plaintiff and Plaintiff's attorneys during the proceedings; the results obtained; and the experience and ability of the attorneys performing the services. Each of these factors weigh in favor of awarding to Plaintiff reasonable attorney's fees.

each claim, except when there are issues common to both claims." *Bennett v. Baugh*, 164 Or. App. 243, 247 (1999). Courts adhere to a similar rule when determining a party's entitlement to attorney's fees under federal law. *See Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1230 (9th Cir. 1997) ("It is well-established law that a party entitled to attorney's fees as a prevailing party on a particular claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in defending against that one claim or any related claims." (quotation marks omitted)); *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (concluding that in cases involving multiple claims, only some of which provide entitlement to an attorney's fee award, "apportionment or an attempt at apportionment is required unless the court finds the claims are so inextricably intertwined that even an estimated adjustment would be meaningless").

Plaintiff moves for attorney's fees and costs on the claims brought pursuant to the Oregon UTPA and the federal RICO statute; Plaintiff does not argue that he is entitled to attorney's fees and costs in connection with the conversion claim or the breach of contract claim. Plaintiff's Fee Petition represents that Douglas M. Bragg's Declaration filed in support Plaintiff's Fee Petition (Bragg Declaration) (ECF 24) includes only time billed for the UTPA and RICO claims, or time billed for "issues where there is a core nexus of factual issues amongst all of the claims or work that was necessary for all [claims]." ECF 23 at 10; *see also* Bragg Declaration ¶ 3 (summarizing time billed for the UTPA claim combined with time billed on "common issues of fact with the other claims or common tasks (such as drafting the Motion for Default or reviewing the Court's Opinions on the Motion for Default Judgment)"). For example, Plaintiff's Fee Petition represents that the Bragg Declaration omits time billed solely on the conversion claim and for preparing the

summonses for Ms. Carson.[6] Further, the Bragg Declaration apportions time billed to the UTPA claim from the time billed solely to the RICO claim. The Court notes, however, that neither the Bragg Declaration nor Plaintiff's Fee Petition refers to any attempt to segregate the time spent solely on the breach of contract or negligence claims. Relatedly, the Court is not fully persuaded that the time spent on "common" tasks could not be apportioned more precisely to account for the time billed specifically for the UTPA claim and the RICO claim. The Court will therefore consider the need for further apportionment as one factor in determining an adjustment to the lodestar calculation.

### 3.  Hourly Rate

Plaintiff's counsel requests the following rates for their legal services: attorney Douglas M. Bragg at $450 per hour; attorney Chris Hayes at $350 per hour; attorney James Edmunds at $350 per hour; and paralegal Kelly Bidema at $150 per hour. The "'prevailing market rates in the relevant community' set the reasonable hourly rates." *Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Id.* (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). Within this geographic community, the district court should consider the experience, skill, and reputation of the attorneys or paralegals involved. *Id.* at 1205-06.

---

[6] The Court notes that the preparation of summonses ordinarily is non-compensable in an attorney's fee award. *Anderson v. Ross Island Sand & Gravel Co.*, 2018 WL 5993581, at *2 (D. Or. Oct. 24, 2018) ("Tasks such as preparing summons . . . are non-compensable clerical tasks."), *report and recommendation adopted*, 2018 WL 5985671 (D. Or. Nov. 12, 2018); *Brandt v. Astrue*, 2009 WL 1727472, at *4 (D. Or. June 16, 2009) ("Preparing a summons and civil cover sheet with attachment is primarily clerical in nature.").

In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In addition, courts in the District of Oregon have the benefit of several billing rate surveys. One useful survey is the Oregon State Bar 2022 Economic Survey (OSB 2022 Survey), which contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. A copy of the OSB 2022 Survey is available at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf (last visited on Mar. 19, 2024). Further, "[i]n assessing claims for paralegal fees, courts within this District have noted that 'a reasonable hourly rate for a paralegal should not exceed that of a first year associate.'" *Smeenk v. Faught*, 2019 WL 3325962, at *2 (D. Or. July 24, 2019) (quoting *Precision Seed Cleaners v. Country Mut. Ins.*, 976 F. Supp. 2d 1228, 1248 (D. Or. 2013)). Courts then "look closely at the educational and occupational background of the paralegal in question when crafting a reasonable rate." *Id.*

Based on the Court's review of the OSB 2022 Survey, the Court finds that Plaintiff's requested hourly rates are reasonable. Mr. Douglas's hourly rate of $450 is above both the mean ($351) and median ($350) rates for similarly situated attorneys practicing in the Tri-County area with 21 years of experience, but below the 95th percentile ($550). Mr. Hayes's and Mr. Edmunds's hourly rate of $350 is the median rate for similarly situated attorneys with 13-15 years of experience. Ms. Bidema's hourly rate of $150 is below the mean ($257) and the median ($250) rates for attorneys practicing in the Tri-County area with 0-3 years of experience. The Court also reviewed the NALA Paralegal Association's 2020 National Utilization &

Compensation Study (Bragg Declaration, Ex. 3 (ECF 24 at 17)), and considered Ms. Bidema's education and 25 years' experience as a paralegal and finds that her hourly rate of $150 per hour is reasonable.

### 4. Number of Hours and Lodestar Calculation

Plaintiff requests attorney's fees for the following number of hours billed on this case from its filing to the entry of the Court's Judgment:

| **Timekeeper** | **Hours Billed (UTPA)** | **Hours Billed (RICO)** | **Total Hours Billed** |
| --- | --- | --- | --- |
| Douglas Bragg | 15.8 hours | 3.0 hours | 18.8 hours[7] |
| James Edmunds | 24.5 hours | | 24.5 hours |
| Chris Hayes | | 1.9 hours | 1.9 hours |
| Kelly Bidema | 14.3 hours | | 14.3 hours |

Considering the relevant reasonableness factors, including the quality of the attorneys' performance, the results obtained, and the novelty and complexity of a case, the Court considers the number of hours billed by Plaintiff's attorneys from the initiation of this case through the entry of the Court's Judgment to be reasonable. Thus, the presumptive lodestar calculation is as follows:

---

[7] In the Bragg Declaration, Mr. Bragg claims 15.8 hours for his work on the UTPA claim. Bragg Declaration ¶ 3 (ECF 24). Mr. Bragg then states: "In addition, my time is increased by 3 hours for work performed relating solely to the RICO claim in the supplemental briefing." *Id.* ¶ 4. In the calculations submitted to the Court, however, it appears as though Mr. Bragg added 5 hours for work performed solely on the RICO claim. *See id.* (requesting a total of 20.8 hours for Mr. Bragg). The Court considers this discrepancy to be the result of a scrivener's error, and calculates the lodestar amount using 18.8 total hours for Mr. Bragg.

| Timekeeper | Hourly Rate | Total Hours Billed | Fee Requested |
|---|---|---|---|
| Douglas Bragg | $450 | 18.8 hours | $8,460 |
| James Edmunds | $350 | 24.5 hours | $8,575 |
| Chris Hayes | $350 | 1.9 hours | $665 |
| Kelly Bidema | $150 | 14.3 hours | $2,145 |
| | | | Total: $19,845 |

In addition, Plaintiff requests fees totaling $2,475 for Mr. Bragg's work on Plaintiff's Fee Petition and the associated Bragg Declaration.[8] Plaintiff represents that this total excludes Ms. Bidema's time spent finalizing the motion and exhibits. Because Plaintiff does not claim any time other than Mr. Bragg's for preparing the Fee Petition and Bragg Declaration, the Court finds Mr. Bragg's requested fee for this work to be reasonable. Thus, including the amount requested for Mr. Bragg's time preparing this motion and the Bragg Declaration, the total lodestar calculation is $22,320.

### 5. Adjustments to Lodestar

Although the overall number of hours spent by Plaintiff's counsel is reasonable, the timekeeping records attached to the Bragg Declaration contain various entries that are non-compensable because they are clerical in nature. *See Goldingay v. Progressive Cas. Ins.*, 2019 WL 852992, at *7 (D. Or. Feb. 22, 2019) ("Courts consider tasks to be clerical, and

---

[8] Plaintiff requests $2,475 in fees for the 8 hours spent by Mr. Bragg on the Fee Petition and associated documents. If billed at Mr. Bragg's normal hourly rate of $450, however, the amount of fees for the claimed 8 hours of work would total $3,600. Plaintiff does not clearly explain the reason for the reduced amount of fees requested for this work, but the Court understands the requested amount to reflect either a reduction in the number of hours claimed or a discount in Mr. Bragg's hourly rate. Either way, the proposed reduction in total fees requested for Mr. Bragg's work on this fee motion contributes to the Court's finding that the amount requested for this work is reasonable.

thus not compensable in an attorney fee award, if they involve 'filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents.'" (quoting *Sterling Sav. Bank v. Sequoia Crossing, LLC*, 2010 WL 3210855, at *7 (D. Or. Aug. 11, 2010))). Mr. Bragg represents that Plaintiff has voluntarily reduced Ms. Bidema's time by 50 percent for clerical tasks; the timekeeping records attached to the Bragg Declaration, however, still contain many entries associated with Ms. Bidema that are clerical in nature. Thus, it is unclear whether the timekeeping records attached to the Bragg Declaration reflect Plaintiff's voluntary reduction in Ms. Bidema's hours. There are also instances in which both Mr. Bragg and Mr. Edmunds billed for tasks considered to be clerical. *See, e.g.*, Bragg Declaration Ex. 1 at 2 (ECF 24 at 7) (Mr. Bragg's September 15, 2022 time entry with billing narrative: "Review and approve draft Summons; Direct Kelly to file the same."); *id.* at 4 (Mr. Edmunds's July 28, 2023 time entry with billing narrative: "Receipt and review of Order dated 7/28/2023; Update case timeline and calendar dates."). Further, as discussed above, Plaintiff's timekeeping records are insufficiently apportioned between the tasks associated with the claims for which Plaintiff is entitled to attorney's fees and the claims for which Plaintiff is not. To account for the clerical tasks in Plaintiff's timekeeping records and the inadequate apportionment of time, the Court applies a 10 percent "haircut" reduction to the lodestar. The Court awards to Plaintiff attorney's fees in the amount of $20,007.

### 6.  Costs

"An award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). Under Rule 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." Plaintiff asks for costs in an amount

of $518 related to: (1) the $402 court filing fee; (2) the $20 fee for service of process on Carson

Kustoms; and (3) the $96 fee for service of process on Mr. Carson. The Court concludes that

these were reasonable and necessary expenses, and awards to Plaintiff $518 in costs.

**C.  Conclusion**

The Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion For

Attorneys Fees and Costs, ECF 23. The Court awards to Plaintiff attorney's fees in the amount of

$20,007 and costs in the amount of $518, for a total award of $20,525. The Court will enter a

supplemental judgment consistent with this Opinion and Order.

**IT IS SO ORDERED.**

DATED this 20th day of March, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge